UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

PRO SE PRISONER CIVIL RIGHTS
AMENDED COMPLAINT

Use this form to make corrections to your complaint.  For example,
you may need to change the list of defendants to include a person
whose name you did not know at the time you filed your lawsuit. If
you are amending your complaint after the Court has issued a
Section 1915A Ruling and Order, make sure that you do not include
any claims or defendants that the Court has dismissed.

CASE NO. 3:11-CV-01940-AVC

PLAINTIFF(S)  [Write the name(s) of the person(s) complaining]

Anwar Shakir

_____

_____

_____

_____

vs.

DEFENDANT(S) [Write the name(s) of all person(s) you are suing. If
you do not know a name, write "John Doe" or "Jane Doe." Include the
defendant's rank or title and place of employment if you know it.]

DT. Charles Stankye 3rd /Official and indivisual capacity (Derby Police dept)

(DCF's) Michele Fratta /Social Worker - Official & indivisual capacity

Kathie Marotta /Supervisor - Official & indivisual. (DCF)

_____

_____

Rev. 4-12-2013

Please complete every section and SIGN THE LAST PAGE.

### A.   JURISDICTION

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities.   Check **one**.

I can bring my complaint in federal court because I am suing:

1. ___✓___   State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983; OR

2. _____   Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

### B.   PLAINTIFF(S)   (THE PERSON(S) FILING THIS COMPLAINT)

If there are more than two plaintiffs, attach additional pages. Provide items a, b, and c for each additional plaintiff.

1. First Plaintiff
   a.   Full Name: Anwar Shakir
   b.   Inmate Number: 371637
   c.   Correctional facility: Macdougall-walker. C.I.

2. Second Plaintiff
   a.   Full Name:
   b.   Inmate Number:
   c.   Correctional facility:

Rev. 4-12-2013                     2

**C.   DEFENDANT(S)** (THE PERSON(S) WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

Do not include any defendants who the Court has already dismissed from your case.

1.   <u>First Defendant</u>

    a.   Full Name: Michele Fratta

    b.   Rank or Title: Social worker

    c.   Workplace: Dept of Children and families (DCF).

2.   <u>Second Defendant</u>

    a.   Full Name: Kathie Marotta

    b.   Rank or Title: Supervisor

    c.   Workplace: Department of Children & families (DCF).

3.   <u>Third Defendant</u>

    a.   Full Name: Detective Charles Stankye 3rd

    b.   Rank or Title: Detective/Derby P.D.

    c.   Workplace: Derby Police Department

4.   <u>Fourth Defendant</u>

    a.   Full Name:

    b.   Rank or Title:

    c.   Workplace:

5.   <u>Fifth Defendant</u>

    a.   Full Name:

    b.   Rank or Title:

    c.   Workplace:

6.   <u>Sixth Defendant</u>

    a.   Full Name:

    b.   Rank or Title:

    c.   Workplace:

**D.   PREVIOUS LAWSUITS**

Tell the Court if any plaintiff has filed other state or federal lawsuits involving these defendants or events. If you need more space, attach additional pages.   **Provide items 1-8 for each case.**

1.   First Lawsuit

   a.   Court and Date filed:

   b.   Caption and Docket No.:

   c.   Briefly, what was this lawsuit about?


   d.   Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?


2.   Second Lawsuit

   a.   Court and Date filed:

   b.   Caption and Docket No.:

   c.   Briefly, what was this lawsuit about?


   d.   Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?


3.   Third Lawsuit

   a.   Court and Date filed:

   b.   Caption and Docket No.:

   c.   Briefly, what was this lawsuit about?


   d.   Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?

**E.   REASON FOR COMPLAINT**

WARNING: Common mistakes can get your case **dismissed as frivolous or for failure to state a good legal claim.** If this happens, you will still have to pay the filing fee, even if you are proceeding *in forma pauperis.* To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Assistance at 1-800-301-ILAP (4527) before you file.

1.   Failure to use the prison grievance process before suing. If you have not followed all the steps in the grievance process before you come to court, the defendants may ask the Court to dismiss your claims for "failure to exhaust administrative remedies."

2.   Complaining about incidents that happened a long time ago: If you are suing about events that happened more than three years ago, the defendants may ask the Court to dismiss your case under the "statute of limitations."

3.   Suing people who were not personally involved: You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor knew about the actions of other defendants and failed to stop them.

4.   Suing defendants who have immunity to suit for money damages: You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Assistance first. If you name defendants who are immune to suit from money damages and your suit is dismissed on that basis, you will lose your filing fee.

5.   Complaining about a criminal conviction or prison disciplinary proceeding that resulted in loss of good time credits or other change to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary

Rev. 4-12-2013                    5

**Now describe your claims.**

Statement of Case

After a heated custody dispute where a Probate Judge ruled favorably to Plaintiff,
1. On (1-13-09) Plaintiff recieved a telephone call via cell phone, from Derby Police D.T. Stankye, alearting Plaintiff that accusations were filed againsts him, DT. Stankye, would not disclose the nature of allegations instead he insisted that, Plaintiff scedual a meeting, which Plaintiff initialy agreed to.
2. On (1-13-09) at or around 5pm, Plaintiff consulted with his attorney, who advised him againsts, going to a meeting with Defendant Stankye, & requested that defendant Stankye write down & submit any concerns, so that Plaintiff and his attorney could respond.
3. On (1-14-09) Plaintiff called (Stankye) to relay the info advised by his attorney, however officer Stankye, refused to provide any questions to Plaintiff, and under Plaintiffs attorney's advise Plaintiff did not attend any meeting with DPD, DT Stankye
4. Later on (1-14-09) Plaintiff recieved a Phone call from (DCF), #3 *See Appendix IX requested that Plaintiff authorize an interview btw DCF/Plaintiff, where on SS-Worker The outcome of this interview was, "No signs of Neglect or Abuse" w/regard to Junior.
5. During the interview between (DCF) and (Plaintiff) on (1-16-09), Plaintiff explained to DCF worker (Michele Frotta), That he found out his (EX) and her daughter had been Constantly visiting, -living & seeing her daughters (Bio-Father) Curtis Wilson in Florida, behind Plaintiff back.
6. DCF had initialy rejected Plaintiffs ex-girl's complaint about accusations of abuse with her daughter, because they discovered that "Starquona Gundy" & her daughters were actually living in Florida with the Bio-Father sometime 12-28-08, and Not with Plaintiff, This case was rejected by DCF sometime
7. DCF, Then decided on (Later,) to accept this case, claiming they did so, because Plaintiff lived with his son, how ever as described in (#4) DCF-social worker, Michele Frotta reported, "There were No disclosures or accusations of any inappropriate behavior by Plaintiff against Anwar Jr. & That there was "No Violations or Unsafe conditions."
8. On (1-16-09) at this interview with (DCF) Plaintiff agreed to allow his son to stay with his mother, (The Childs Paternal Grandmother) while, a Pending forensic interview was arranged For Plaintiffs son, and the pending investigation with Plaintiff was Completed.
9. DCF & thier Staff, along with DT. Stankye, were all aware that the Complaint was sexually assalted in California Prior to filing allegations on Plaintiff by her uncle J.B. (Starquona's Brother). "See Appendix 14 #9
10. Simataneously The defendant's, DT. Stankye, Charles / Michele Frotta & Kathie Moratte all met on a monthly basis, where they discussed & investigated Plaintiff, Sharing privileged info with out consent of Plaintiff; it was determined that a warrant should issue for Plaintiffs arrest." These Gatherings are called (MDT) Multi-disciplinary-teams.

**If you need more space, attach additional pages, but be brief as possible.**

⑦

⑪ On (2-4-09) a warrant was submitted by DT. Stankye and Signed for Plaintiffs arrest.

⑫ During This time period, Plaintiffs (ex-girl)(Complainants mom) was Substantiated with neglect by Dcf.

⑬ However on (2-6-09) Detective Stankye and other (John doe's) officials of the state, arrived at Plaintiffs home to serve a warrant for Plaintiffs arrest.

⑭ On (2-6-09) after Plaintiff was Cuffed and in custody, Secured in the back seat of a Patrol car, DT. Stankye questioned the Where abouts of Plaintiffs Son.

⑮ When Plaintiff failed to answer Satisfactorily to DT. Stankye's question by stating, "What does my son have to do with this, he's not under any investigation with Dcf or DPD. "See Appendix" #15

⑯ DT. Stankye, became irrote & uncontrollably hostile, Stating "I'll Knock down the fucking door! (Explitive - it!) Sue me!"

⑰ After threatening Plaintiffs older brother to open the door by the Count of (10) or it will be Knocked down, Plaintiffs brother opened the door.

⑱ With No Search & Siezure Warrant, On (2-6-09) Defendant, DT. Stankye 3rd, entered Plaintiffs home, searched and seized Plaintiffs Son, and removed Jr. from that home of 110-Derby ave, Derby CT.



(19) Also earlier on (2-6-09) Dr. Shankye called DcF to explain that he would be serving the warrant on plaintiff.

(20) However prior to (2-6-09) on or around (1-26-09) Defendant Shankye had already contacted Plaintiff's ex-girl, who resided in California at that time, to Choreograph a day she could come to Connecticut, to take Plaintiff's son back to Cali. with her.   (See Appendix) #20

(21) On (2-6-09) before the warrant was served, the defendant Shankye, called Dcf's employer, Michale Firith, to inform her that, Shayuana Gandy, "Plaintiff's-ex", was back from California and prepared to take (Plaintiff's son) back with her, once Father "Plaintiff" is arrested.   *SEE Appendix* #21

(22) Shayuana Gandy, was still listed as Neglectful Parent at this time.

(23) Detective Shankye, then contacted Dcf's Social worker's, Ra-Grayson and reported the (Father/Plaintiff) was arrested.

(24) Simultaneously on (2-6-09) Detective Shankye while illegally searching Plaintiff's home, took Plaintiff's son away from Plaintiff's brother, Put him into his Police Vehicle's back seat and brought the 4 year old to the Derby Police department.

(25) On (2-6-09) Detective Shankye & DcF, Conspired to Held Plaintiff's Son __ AT __ DcF conduct another interview with him "Without the consent of Plaintiff Who was the only

q

10

legal Custodial Parent at that time.

(26) DCF employees & Kathie Moratta, Michele Fratta &
Derby Police departments DT. Stankye 3rd, were all aware
from Prior Conversations with Plaintiff's ex, that her
intentions "Despite a Probate Court order" that (Plaintiff/Father)
Was the Custodial Parent, That she had already Purchased
air Plane tickets for California and would be taking
Plaintiffs son to California.

(27) During the initial (DCF) interview with Plaintiff and his
son on or About (1-16-09) Plaintiff had signed an "Agreement Consenti-
ng, that his mom, would be the official "Custodial Parent."
Should (Father/Plaintiff) be Unavailable to fulfill his Parental
duties.

(28) On (2-6-09) amist these actions, Plaintiffs Mom attempted
to fulfill the Agreement, Signed by her son "Plaintiff", As she
Called The Derby Police Department, and advised them that
She was on her way to Pick up her Grand son, Plaintiffs
son.

(29) On (2-6-09) after DPd, DT. Stankye, recieved this call
from Plaintiffs Mom, Defendant Stankye then immidiatley
advised DCF employees & Plaintiffs ex- Starquona Gandy to
leave D.P.D, because Plaintiffs mom was on her way
to fullfill the DCF agreement, by taking Jr. into her Care.
          "See Appendix" #29



(30) Defendants Stankye & DCF employees deliberatly illuded thier own Policy's & Service agreements in order to maintain Custody of Plaintiffs son and help his ex-girl flee the State of CT, with him.

(31) On (2-6-09) at or around (6:00pm) DT. Stankye 3rd And Dcf's Kathie Moratta & Michele Fratta, gave Plaintiffs son to a (Neglectful Parent) "Plaintiffs-ex".

(32) On (2-6-09) at or around (7:00pm) after Plaintiff posted an excessive bond of $150,000, DT. Stankye Called Plaintiffs ex, (Starquona Gandy) to aleart her that Plaintiff had posted bond. "See Appendix #32

(33) Detective Stankye on (2-6-09) DT. Stankye also called DCF's Moratta, Fratta, Mealke, Grayson & Laboy to aleart them that Plaintiff had posted bond.

(34) On (2-6-09) at or around (7:30pm) Plaintiff, after Posting bond, Called the (New Haven - P.D) to assist him in regaining Custody of his son.

(35) The responding Officer Mr. Josh Kyle arrived in New Haven to meet with Plaintiff & to hear his Concerns.

(36) This Officer Mr. Josh Kyle of NHPD, on (2-6-09) After being told by Dcf's Supervisor Kathie Moratta, to "leave Plaintiffs son with his Mom, because as long as she does not leave the State of Ct, she's with in her rights, then she told the Officer to stand down. (see Appendix) #36



37) Officer Josh Kyle, then submitted his account of these events to (Dcf's) HsLW-kerry Cayward.

38) On (2-6-09) at or around 8:00pm, Plaintiffs Mother, The (PGm) Called the (New Haven P.D.) in an attempt to get (Jr. 9years old) back into her Care, Officer Mastriono observed a signed Service agreement, signed by father/Plaintiff, which agrees to leave Jr. in (PGm's) Care Pending a Def investigation, "Mother Star Quona Gandy has Not signed the Agreement". ↑ SEE APPENDIX ↑ #38

39) Later that night into the (am) At around (1:30 am) now (Saturday 7th 2009), Officer Mastriono of NHPD, sent an e-mail, leaving his cell# and Stating that, "He is seeking Clarification from Def, regarding Jr's Custody, as the birth mother Gandy, currently has the Child and Plans to leave with him for California this weekend.

40) On (2-7-09) The officer of NHPD, further states, "The Derby Police had Jr. and (called mother to come & get him, the Child has been calling the (Father/Plaintiff) on his cell phone and telling him his mom has a ticket to take him to California and Plans to leave tommorow. "SEE APPENDIX" #40

41) Officer Mastriono of (NHPD) sent all of this information to Dcf's sws, Shawn Mealke, on (2-7-09).

42) Shawn Mealke, forwarded it via e-mail to DGf's Social Worker Michele Fratta, Kathie Morrotta and ps- Karen Grayson, on (2-7-09).

13



(43) These repeated attempts by (NHPD officers) were ignored, and these DCF employees along with Detective Stankey 3rd executed a Premeditated Plan, to abduct Plaintiffs son & turn him over to a Neglectful parent and to help her flee this State.

(44) DCF Reports and Police reports show that, all along DCF's employees Choreographed with Charles Stankye 3rd and Members of (MDT), The abduction of Plaintiffs son, in Particular the DCF report (pg. 10 of 13) Bottom page states Verbatim: "The Mother Plans to return to California tommorow with the Child Jr. (DOB. 8-3-99) and has a flight out of Bradley. Air Port at 7:30 am.

(45) Plaintiff was denied all due Process of Law, his U.S. and State Constitutional rights, Plaintiff abided by the law, Called Police for Assistance, and Justice was obstructed by, (DCF) Dt. Stankye & MDT, When these State officials Allowed Plaintiffs son to aboard that air plane with a neglectful Parent against the State law & Court order declaring Plaintiff the Custodial Parent.

(46) Plaintiff Suffered for days following these events, Not knowing the Whare abouts, or Saffey of his son.

(47) Plaintiff's son was taken away on (2-6-09), however, Plaintiff was not Contacted by any state official prior to the abduction of his son, nor after the abduction, until (2-13-09) When a social worker named Michele Fratta left a Voice message asking Plaintiff to return her call.

14



48) On (2-25-09) Starquona Gandy, Whom DCF & DPD, DT. Stankye, Allowed to take Plaintiffs son away out of the State of CT, Was Confirmed with neglect in CT, & days later Confirmed with neglect by California's Child Protective Service.

49) DCF allowed Plaintiffs son to remain in The Custody of this neglectful parent, Who was now declared neglectful in two States, despite the only substitute parent on file was Plaintiffs mother the (PGM).

50) In 2014, Plaintiff learned That because of DCF's decisions and Policy's Along with DT. Stankye's, his son has been exposed to Sexual activities with an Older female, While residing with Starquona Gandy. * SEE Appendix * # 50

51) All members of the Multidisciplinary team made decisions that were Adverse to Plaintiffs Constitutional rights, because they all, read & were Aware of the full DCF report and all members failed to Object or Correct the Unethical Procedures taken by thier fellow State officials. "see Appendix" #51

52) On (2-6-09) when plaintiff was arrested Detective Stankye 3rd, Used excessive forced when made Plaintiff strip down to Only one layer of Clothing, stating it was Policy, then Placed the Plaintiff in a holding Cell and then turned the (AC) cold air to Max, Freezing the Plaintiff Causing him to become sick days later.

15



(53) On (5-10-09) a V-o-P warrant was issued for Plaintiffs arrest, Where another excessive bond of #50,000 was requested by defendant, but however a $30,000 Bond was demanded, totaling btw the (2-6-09) arrest & the (5-10-09) V-o-P arrest totals to (#180,000) One hundred & eighty thousand dollars, in Bonds.

(54)

"LEGAL Claims & State/Federal Violations"

Defendant Charles Stankye [3rd], used excessive force on Plaintiff after having Yale forensic interviewers, nurses & medical staff help him with his investigation, Stankye had (No) search and seizure Warrant, However he still searched Plaintiffs home and seized Plaintiffs son - Violating section 7 of CT-Constitution, and The 4th Amendment to the U.S. Constitution, and the 14th Amendment to the U.S. Constitution, ▬ Section-8-10-20 to CT's Constitution and the 5th Amendment to the US. Constitution were Violated as well As (TFGS) see Pg. 28 - 29.

(55) T. Stankye Violated Plaintiffs 14th Amendment right to the U.S. Constitution, When he Knowingly told the Plaintiffs ex-girlfriend & Dcf to leave the Derby P.D - because the (PGM) was on her way to fulfill a Dcf service agreement & for his Unethical actions of Calling Plaintiffs ex- to Choreograph a day for her to fly in Ct, from California to take Plaintiffs Son away & back with her, This denied Plaintiff equal Protection of the law, And Violated his rights under, 14th Amendment to the US. Const, and Section-20, to the CT-constitution; Section-10 of CT's Constitution was Violated, When Plaintiffs reputation

16

his son's reputation was tainted by this illegal search & seizure.

56) DT. Stankye, Violated Section-8, to The CT-Constitution when he requested and Obtained an excessive bail for Plaintiff on (2-6-09) of #150,000 dollars, then bragged about the high amount of bail, Plaintiff was required to Post, Also the 8th Amendment to the US. Constitution was Violated When Dt. Stankye applied Cruel & unusual behavior by making Plaintiff strip down to 1-layer of Clothing & turned the AC to Cold/max in a DPD- holding cell.     "See Appendix" #56

57) DT. Stankye, Violated Section-1 of the Ct constitution, When he met with (MDT) then later testified against Plaintiff at his criminal trial & V-0-P- trial, Illegal Search, Constitutes a false arrest, Violating the 5th Amendment, to U.S. Const.   "See Appendix" #57

58) Defendant Michele Fratta, Conducted an interview with Plaintiff and his Son, that interview concluded in the Closing of any investigations with no reason to pursue w/ regards to Plaintiffs son, That while Plaintiff remained under investigation a Service agreement, was put in place, holding Plaintiff's Mother as the designated Parent for Jr. However because of the illicit relationship between DT. Stankye & DCF Employees being all in a Commingled Plot to meet at (D.P.D) after defendant Stankye arrested Plaintiff & Siezed his son, then all Abducted Conspiring with evil Motives to deliver Plaintiff's Son to a Neglectful Parent, In Violation of (CT-GS- see pg. 28) & (29) She is in Violation of section-8 of the Ct Const, because She Compelled Plaintiff to give evidence against himself and Participated in the illegal search performed by D.P.D/ & held Plaintiff's son @ D.P.D So that DCF Could interview him. "See Appendix" #58

17



(59) The Service agreement (DCF) Put in place, was not honored by (DCF), Michele Fratta Knowing Plaintiff's ex- was in thier and California's (CPS) files as Neglectful She still turned Plaintiffs Crying son over to the Neglectful Parent, even though Jr. Cried & begged her not to, This was a Violation of CT's section-10, of the Const, & Section-11; CT's section-20- of the Constitution, was Violated. When, Dcf Neglected to honor thier own Service agreement & When Dcf Choreographed a way & allowed Plaintiffs ex- to leave the State of CT with his son. And Sec-8-of CT Const
(See Appendix #59)

(60) Defendant Fratta, also Violated the 14th & 5th Amendment to the US. Constitution, when she, Compelled Plaintiff & his son to give Privileged information about himself, Then shared that information with Detective Stankye, (MDT) members & Prosecutors; This was also in Violation of (CT-General Statutes-section- (17a-106a-D), because these state officials involved in (MDT) belong to agencies, who have thier own Policy's & Protocal Outside of (MDT) & (MDT) cannot over ride, any Agencies Policies or Protocals, There fore Sharing any Priveleged info with [redacted] members of MDT is in Violation of this Statute, if those agencies policies are inconsistant with reviewing, or investigating Priviteged documents, before a Criminal trial * see Appendix #60

(61) DEFENDANT, Kathie Moratta: Supervisor/DCF: Moratta, was implicated in this suit in part because, She knew and authorized the Unconstitutional actions of Michele Fratta, and infact Participated in the deprivation

18

Of Plaintiffs rights, and failed to stop any of
the Social worker's under her Supervision from
Violating Plaintiffs rights.

(62) Defendant Marotta, Knew the person she turned Plaintiffs
Son over to was in her & DCF's files as "Neglectful" and
that, The (Neglectful) Parent had plans to flee the state
of Connecticut with plaintiffs son, however, Marotta
ignored the (Service agreement), the DCF Accesment of
Starquona Gandy's finding of Neglect, the repeated Calls
from (NHPD) officers inquiring about Custody of Jr.

(63) Defendant Marotta, is in Violation of, Sections, 8-10-11-
20-of The Connecticut state Constitution, and the
1st-4th-5th- and 14th Amendments to the U.S. Constitution
, Also-Sections of General statutes,

(64) Section-8-of CT's Constitution is', because She authorised the
compelling of ▓▓▓ evidence from Plaintiff and actively Participated
in the "abduction" of Plaintiffs son, through an illicit relation-
Ship with Derby P.D's, DT. Stankye, Then ordered the
Derby Police DT. Stankye to hold on to Plaintiffs son,
So that DCF, could do another, "Off The Record" interview
with him. This Violates "CT-GS-53a-91(2)/53a-92a/53a-94a/95a/97-a(2)98a-(3)
(see Pg. 28-29).

(65) Plaintiffs rights Under, (CT's-Section-20) & (U.S. 14th Amedment) was Violated
when (DCF) employees, DT. Stankye, and Plaintiffs ex-deliberatley
rushed from the D.P.D facility, because Plaintiffs mother was
on her way to fulfill DCF (Service Agreement), The Detective



19

Stankye & Dcf's Marotta & Frotta, all abandoned there duties and obligations as state officials, thereby also violating Plaintiffs rights, Under CT's Const- (Section-20)... "To be treated with equal protection of the law nor be subjected to segregation or discrimination. And the "14th Amendment", to the U.S. Constitution, that states: Nor shall any state deprive any person of life, liberty or property, without due process of law; nor deny to any person within it's jurisdiction the equal protection of the laws.

(26) (Section-10)-of CT's Violation of the Constitution Reads: All courts shall be open & every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law.

When Defendant Marotta, engage in Police work by, Calling, Authorizing & Arranging, with Police

#1- A second interview w/ Plaintiffs son without consent of Plaintiff

#2- Telling Derby P.D, Stankye- "To Hold Plaintiffs son @ the Station"

#3- Telling New Haven Police to "stand down", When Plaintiff seeked there help in regaining custody of his son.

#4- Allowing & helping a (Neglectful) Parent abduct Plaintiffs son & flee The state of CT. (In Violation of (C.T.G.S) (see pg. 28-29).

(27) Plaintiffs, 4th Amendment, to the U.S. Constitution, was Violated, because Dcf, Participated In this illegal search, because documents show that thier interest was in taking away Plaintiffs son by use of thier illicit dealings with Defendant Stankye & D.P.D, Stankye notified, Marotta & Frotta, That he had taken away



2⁰

Plaintiffs son from his home, and (DcF) Marrota $
Fratta, ordered Stankye to hold Plaintiffs son until
they arrived with Plaintiffs ex (Violating C.T.G.S - see pg. 28-29).

68 - Plaintiffs - 5th Amendment rights to the U.S. Constitution, was
Violated, when defendants Marotta, Authorized defendant
Fratta to Compell Plaintiff to give or be a Wittness againts
himself, and when she Participated in the deprivation of
Custody Plaintiffs son, with out due Process of the Law.

69 Defendants, Kathie Moratta, Michele fratta $ DT. Stankye 3rd
are all implicated in the Civil suit; since the inception
of Plaintiffs (unwarranted search) ● (▮▮▮▮▮▮▮) by Defendant
Stankye on (2-6-09).
The Defendants, Plotted, Planned, Schemed $ Choreographed
the abduction of Plaintiffs son (Violating C.T.G.S - see pg 28-29)

70 DcF Documents $ Police files, show the defendants were
all aware of the E-mails $ Phone calls from (New Haven, P.D)
Police officers, Josh Kyle $ Mastriano on (2-6-09) $
(2-7-09).

71 The defendants obviousley ignored the urgancy of this matter.
Defendants were all aware through DcF documented $ D.P.D
Conversations with (Star Gandy) (Plaintiffs-ex), That she
would be leaving the state of Ct with Plaintiffs son, and
no one stopped her, infact these defendants helped her
leave, dispite a Probate Judge ruling favorable to Plaintiff in

21



a Probate Court hearing Pursuant to "Custodial Parent".

(72) None of these defendant's advised Plaintiff's ex-girl againts leaving this State and taking Plaintiffs 9-year old Son with her, with out due Process of Law.

(73) This was Clear denial of Plaintiffs Constitutional Rights (Under sections -10) (section's -11) (section -20) (sections-8) (7 & 4- of The Connecticut State Constitution.

(74) Also this Violates Plaintiffs Federal rights, under the 8th-4th-5th-14th Amendments to the extent that they are liable for damages. And are in multiple Violations of C.T.G. Statutes, see pgs. (28-29).

## "LEGAL Argument".

(75) These defendants actions were inconsistant and unreasona- bly, deliberate & indifferent, to Plaintiffs rights in which he has alleged have been Violated, These defendants are not immuned and cannot be protected in thier Indivisual or official Capacitties from damages /monetary, Punitive, Compensatory.

(76) The Very Purpose of (section -1983) was to interpose the Federal Court, between the States and the people as guardians of the Peoples federal Rights, to protect the People from Unconstitutional Action, Under color of State law, where that action be, executive, legislative or Judicial. see: Patsy. V. Board of Regents, 457, U.S. 496-503, 1025-CT-2557, 73-L.E.D 2d.172, (1982).



22/

(77) Furthermore, monetary damages can be claimed againts a defendant in thier **official capacity**, if the Plaintiff proves, the official acted Pursuant, to a, <u>Policy or Custom</u>, or <u>decision, adapted by a body of Officers</u>. SEE! <u>Canton</u> <u>v. Harris</u>, 489-U.S. at -390, <u>Holding that</u>; This is equivilent to finding <u>deliberate indifference</u> based on risk's that the official "<u>Should have known about</u>".

(78) Plaintiff has Shown, that defendants have made <u>Unconstitutional decisions</u>, regarding Plaintiff, and those <u>decisions were</u> adopted & Promulgated by that body of <del>Derby Police dept</del> Dt. Stankye & DCF staff/Officers, because of this, these defendants, must be held liable in thier Official and indivisual Capacities, for: Compensatory, Punitive, Monetary damages & declatory relief / Prospective relief.

(Special Request) for Relief:

(79) Plaintiff request's that this Court Consider, (Section-10) of CT's Constitution, and "<u>Remedy by due course of</u> <u>law</u>, These <u>Constitutional Violations</u> alleged in this Claim by granting- Compesatory & Punitive relief. . .

(80) Plaintiff also request's this court to (declare) that it was Unconstitutional for these defendants to engage in these alleged act's described in this Complaint, and that Plaintiffs rights under the CT Constitution and Federal Const, were Violated by these defendants, And the the law was Violated under CT-General Statutes-53a-91(2)/92a/94a/95a/97/98 (See-Pgs. 28-29), Plaintiff accepts any other relief, The court deems Proper.





(Appendix to Amended Complaint)

＊ This guide pertaines to the numbered Paragraphs in this Amended Complaint, where "SEE Appendix", is ＊ Labeled ＊

(81) NO#32- While Plaintiff was detained at Derby Police department DT. Stankye taunted him, repeating "Your Bond is (one hundred $ fiftey thousand dollars), did you hear that? $150,000 — Your not making Bond — Your going No where!!

(82) No#38 - This was the Service agreement signed by Plaintiff, that gave (Dcf) the only alternative Source for Custody of his son, which was his Mom, (Khalilah Shakir), Plaintiff's-EX, was not eligable, Pursuant to Dcf's ruling neglect on her and a Probate Judge ruling Plaintiff as the only Custodial Parent.

(83) No#20 and 21 - Reveals that DT. Stankye Planned to take Plaintiffs son and it had nothing to do with saffey, as he did not allow Plaintiff due Process of the law.

(84) No#15 - Detective Stankye only had an arrest warrant, Plaintiff was arrested $ in Custody, Stankye then went beyond the call of dutie, to enter Plaintiffs home and take his son to finish the Orchestrated Plan he $ Dcf $ Plaintiffs Ex-had devised day's before.

"Cont: Appendix"

(85) NO# 29: This is Proof that DT. Stankye & Dcf, Deliberatley Choreographed a Plan to abduct Plaintiffs Son and went Over & beyond all limits to See thier Plan through.

(86) NO# 32 - Bond was excessive, because Plaintiff had no dangerous or Criminal history of escape, was never Considered a flight risk, Employeed at a Ford Dealership & owned a business in the State of Connecticut.

(87) NO# 36: DcF's Marotta & Fratta tricked or illuded, New Haven Police, when they lead them to believe the Plaintiffs-ex would not be leaving the State of CT, When they knew all along it was planned it's in thier DcF reports, see also- (NO# 19-20-21-38-39-44).

(88) NO# 40 = Dcf's employee's knew about, Plaintiff's ex-girl's Plan to leave with Plaintiffs Son for California, because on top of the fact that Plaintiffs ex-and DT. Stankye, telling them, NHPD-Officers told them as well, Yet & Still in Marotta's & Fratta's Discovery admissions they deny having any knowledge of Plaintiffs-ex-Plans to take the Son and flee the State of CT.

(89) NO# 51: These Plans were orchestrated through (MDT) gatherings based on it's member's Presumptions, that Plaintiff would be found guilty or Plea out to Charges, thereby excluding him from being a qualified Parent; however, The Presumption of guilt, before any trial does not warrant defendants Unconstitutional actions. And Prejudices the Plaintiff.



Cont, Appendix

**NO#50:** It was partially because of DCF's employees orders, that Defendant Stankye, performed an illegal search, So that they could do a "OFF the record" non-consented interview with him B to then Collect-ively btw DT Stankye B Marotta B Fratta, turn Plaintiff's Son over to a Neglectful Parent So that She could flee the State Of CT with him.

**No#9:** All members of (MDT) including Detective Stankye Michele Fratta & Kathie Marotta were aware that Plaintiff's ex's daughter, was sexually assalted by her Uncle (Plaintiff's-ex-girl's-Brother), before any Charges were ever filed on Plaintiff, however there was never any Criminal Charges filed, investigations or concerns from these State officials with regard to this (Uncle) named (J.B). Instead it was convinient to accuse Plaintiff, to Justify taking his Son away.

**No#3:** Plaintiff believes that his not attending this meeting with DT. Stankye @ D.P.D, is partially what fueled his reckless B calous behavior, as a form of Payback to Plaintiff.

**No#56:** 8th section to the CT Constitution read5: TO be released on bail upon sufficient security (except in Capitol offenses) Where proof is evident and presumption is great, nor excessive bail be required, nor excessive fines imposed; "Notably", Plaintiff's offense was not a Capitol offense.

26

(26)

## "Continuation of Appendix"

(94) NO#57: (MDT) are Social Compact groups Reached
by Department of Children & families, These groups
are not entitled to any special privileges outside of
State or Federal Law, or Constitutions, The Defendants
Actions are outside of the Laws & Constitution of this
State:
Section-1- of CT-Constitution, States:
All men When they form a Social Compact, are equal in rights,
and (No Man) or set of men are entitled to exclusive public
emoluments or privileges from the community.

(95) NO#58: Section-8 of CT Const, specifically States;
"Nor, no person shall be compelled to give evidence againts
himself nor, be deprived of life, liberty or property without
due process of Law.

(96) NO#59: Section-10, of CT-Const; States, All courts shall
be open, and every person for an injury done to him in his
person, Property or reputation, shall have remedy by due course
of Law.

(97) Section-11, States: The Property of no person shall be taken
Plaintiffs son was taken away.
Section-20-States: No person shall be denied equal
Protection of Law, nor be subjected to segregation, discrimination, in the excercise of his civil or political rights.

(98) NO#60: The 14th Amendment to the U.S. Constitution States; Nor

27

27

\* — Continuation of Appendix \*

Shall any ~~State~~ deprive any person of life, liberty or Property, with out due process of Law; Nor deny to any Person within it's Jurisdiction the equal protection of the law.

The 5th Amendment to U.S. Constitution states: in pertinate Part; Nor shall be compelled in any Criminal Case be a Wittness againts himself, NOR be deprived of life, liberty or Property Without due process of law; Nor Shall private Property be taken. "Plaintiffs son was Considered his (Private Property) and was taken away with out due process of Law".

Plaintiff Svffered Mental & Emotional Pain and seeks relief in Damages/Punitive, Compensatory, Monetary, Declatory.

SEE Pages 28 & 29 of this Complaint in which will Identify the Connecticut State General Statutes wich were Violated by These defendants...

(See Pages 28 & 29) Paragraphs (99-thru-106).



Pg. 28

# DEFendant's Violations, Under CTs
## * General Statutes *

(99) The Connecticut General Statutes sections, 53-33a, describes "Issuance of search warrant", (54-33b) describes "Search of Person", DT. Stankye or DCF, Possess neither document;
Furthermore, Plaintiff submitts that Ct's General Statutes under "Seized Property", Sections 54-36/ does not include Seized Property of a Person, such as his son's abduction, by defendants, Therefore Plaintiff relies on the Following State Statutes to substantiate his claims;

(100) ① General Statutes Sections : (53a-91)(2) "Abduction" to restrain a person to prevent his liberation by either (A) holding him in a place where he is not likely to be found.

(101) ② General Statutes Sections : (53a-92)(a) a person is guilty of Kidnapping in the First degree when he "Abducts" another person & his intent is to compel a third person to (B) engage in other particular conduct or to refrain from engaging in particular conduct.

(102) ③ General Statutes Sections : (53a-94)(a), a person is guilty of Kidnapping in the 2nd degree, when he abducts, another person.



29

(103) (4) *General Statutes Section*, (53a-95)(a), A person is guilty of *unlawful restraint* in the 1st degree When he restrains another person under circumstances which exposes such other person to a substantial risk of physical injury.

(104) *Importantly*, DCF's, Michele Fratta & Kathie Marotta & Detective Stankye, "Abducted" Plaintiffs son, ~~————~~ held him at the derby P.D. Violating (sec-53a-91)(2), so that DCF could interview him, then turned Plaintiffs son over to a neglectful parent, there by exposing him to a substantial risk of injury, violating (CT-GS-section)(53a-95)(a).

(105) (5) *General Statutes sections* (53a-97)(a)(2) & (53a-98)(a)(3) Which states, A person is guilty of (Custodial interference) When, they knowingly have no right to do so, but, he holds, keeps or otherwise refuses to return a child who is less then sixteen years old to such child's lawful Custodian after request by such custodian for the return of such child.

(106) The Statutes above apply to all Defendants in this Claim as they Participated in a Joint effort to abduct, kidnap, interfere with Custody & unlawfully restrain Plaintiffs son.

*Respectfully Submitted by Pro-se Plaintiff,*
Anwar Shakir #371637 / 4-20-15
Macdougall. C.I, 1153-East street south, Suffield
CT. 06080 —

   

**F.**     **REQUEST FOR RELIEF**

Tell the court what kind of relief you want. **Remember:** (1) You can
only get money damages for mental or emotional injury if you were
also physically injured; (2) Money damages may be reduced to pay
restitution to victims of your crime and fees for a court-appointed
attorney, if you had one; (3) You cannot use a Section 1983 or
*Bivens* action to request release from custody, a reduction in your
sentence, or a restoration of good time credits. For any of these,
you must pursue a Writ of Habeas Corpus.

A 35,000,000 - Award to Plaintiff, Compensatory & Punitive damages & declatory relief

Reasonable Costs and attorney fees, Pursuant to -42-H.S.C §1988 -

Grant Plaintiff any other relief this Court deems, Just, Proper & equitable.

**G.**     **Do you wish to have a jury trial?** Yes  X     No_____

**H.**     **DECLARATION UNDER PENALTY OF PERJURY**

Warning: **You must sign this** or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that
the information contained in this complaint is true and accurate to
the best of my knowledge.   I understand that if I lie in this
complaint, I may be prosecuted for perjury, and punished with as
much as five (5) years in prison and/or a fine of $250,000. See 18
U.S.C. Sections 1621, 3571.

Signature:  *Anwar Shahi*

Signed at  *Macdougall-Walker C.I.*        on  **4-23-15**
                  (Location)                              (Date)

If there are additional plaintiffs, attach another page with the
name and signature of each plaintiff on it.  **The complaint cannot
be filed without a signature from each plaintiff.**

Rev. 4-12-2013





31

# CERTIFICATION
## OF
## SERVICE

I hearby Certify that Copies of the foregoing will be mailed to the appropriate parties of record, as soon as Plaintiff's Monetary status permits, that one original Copy was sent to (US. District Court, District of CT), and one sent to Attorney Nicole Demers on (4-23-15), that upon Plaintiff recieving additional funds in his account Attorney Jame N. Tallberg will be sent a Copy.

Attorney Nicole Demers
Assistant Attorney General
Fed Bar #CT-27223
55-ELM Street, P.O. Box 120
Hartford Ct, 0641-0120

Attorney James Tallberg
Karsten & Tallberg L.L.C
8-lowel Road
Hartford Ct, 06119

Signed: Anwar Shakir #371637
Dated: 4-23-15
Address: Macdougall-Walker C.I.
1153-East St. south, Suffield Ct
06080.